UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE ALEJANDRO RIZO GARCIA,

               Petitioner,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

               Respondents.
_____/

Case No. 1:26-cv-1328

HON. ROBERT J. JONKER

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1).  For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **BACKGROUND**

Petitioner is a native and citizen of Nicaragua. (Notice to Appear (NTA), ECF No. 2-2, PageID.14.) Petitioner entered the United States on or about April 23, 2024, without inspection. (*Id.*). At the time of his entry, DHS charged him with inadmissibility, issued him a Notice to Appear for removal proceedings, and then released him on his own recognizance into the United States. (ECF No. 6-1, PageID.139).

On July 2, 2025, ICE officers detained Petitioner while he was at an immigration court in Detroit. (ECF No. 6-2, PageID.143). On January 13, 2026, an immigration judge ordered Petitioner

removed to Honduras.[1] (Immigration Judge Order, ECF No. 6-4, PageID.151). Petitioner had until

February 12, 2026, to appeal that decision. (ECF No. 8-2, PageID.166). On April 6, 2026—almost

three months after the immigration judge issued the order of removal—Petitioner appealed the

immigration judge's decision to the BIA. (ECF No. 6-5, PageID.154). But on May 26, 2026, the

BIA dismissed Petitioner's appeal because it was not filed "within 30 calendar days" of the

immigration judge's decision and was therefore "untimely." (ECF No. 8-2, PageID.166).

In Petitioner's second § 2241 petition, he challenges the lawfulness of his current detention

and asks the Court to, among other things, assume jurisdiction over this matter and issue a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF

No. 1). In an order entered on April 27, 2026, the Court directed Respondents to show cause,

within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5). Respondents filed their response (ECF No. 6) on April

30, 2026. On May 28, 2026, the Court entered another order asking the parties to explain their

current positions in light of *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL

1283891, at *13 (6th Cir. May 11, 2026). (ECF No. 7). Petitioner and Respondents filed their

responses on June 8, 2026. (ECF Nos. 8, 9).

**HABEAS CORPUS LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual

detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

---

[1] The choice of Honduras was deliberate based on Petitioner's fear of returning to Nicaragua, (ECF No. 2-6, PageID.28), and under the Asylum Cooperative Agreement between the United States and Honduras. (ECF No. 2-7, PageID.40).

the United States."  This includes challenges by non-citizens in immigration-related matters.  *See*

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001);  *see also A. A. R. P. v. Trump*, 605 U.S. 91,

94 (2025).

### DISCUSSION

Petitioner is subject to a final order of removal. For the purposes of § 1231(a)(1)(B)(i), a

removal order "shall become final upon the earlier of (i) a determination by the Board of

Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien

is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. §

1101(a)(47)(B); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA

has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has

expired), DHS is free to remove the alien unless a court issues a stay. That reinforces why Congress

included 'administratively' before the word 'final' in the first provision.").  Here, Petitioner did

not timely appeal the immigration judge's January 13, 2026, removal order. He had until February

12, 2026—30 days after the immigration judge's order—to appeal. *See* 8 C.F.R. § 1003.38(b). But

he did not file an appeal until April. Because Petitioner's period for appeal expired before the BIA

dismissed Petitioner's appear, his removal order therefore became final on February 12, 2026—

the day his appeal period expired. *See* 8 U.S.C. § 1101(a)(47)(B).

Because Petitioner is subject to a final order of removal, his present detention is governed

by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney

General shall remove the alien from the United States within a period of 90 days (in this section

referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the

Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).  8 U.S.C. § 1231(a)(6) further

provides:

> An alien ordered removed who is inadmissible under section 1182 of this title,
> removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or
> who has been determined by the Attorney General to be a risk to the community or
> unlikely to comply with the order of removal, may be detained beyond the removal
> period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes

indefinite detention when no other country is willing to take a person who has been ordered

removed.  533 U.S. at 682.  In answering that question, the Court noted that the purpose of the

statute was to assure the "alien's presence at the moment of removal." *Id.* at 699.  Therefore, the

Court concluded that for post-removal-order detention to be authorized by the statute, the removal

itself must be reasonably foreseeable. *Id.*  The Court indicated that this inquiry would vary from

case to case and that there was no specific point in time at which the detention became

constitutionally impermissible. *Id.*  Still, to assist the lower courts in making the difficult judgment

calls about when the detention was no longer authorized by the statute, the Court designated six

months as a "presumptively reasonable period of detention." *Id.* at 701.  Even after six months

has passed, though, the Court made clear that the alien may continue to be held unless the alien

"provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing

that removal is not significantly likely to occur sometime soon. *Id.*  Only after the petitioner has

come forward with such evidence does the burden flip to the respondents, who must then show

evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No.

16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that

detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner's detention is plainly reasonable. As the Respondents indicate, Petitioner has been detained under a final order of removal since February 12, and the 90-day removal period only recently expired in May 2026. At this point, then, he has remained in post-removal detention for less than four months—which is well within *Zavydas*'s "presumptively reasonable period of detention." 533 U.S. at 701. Petitioner has not offered any other evidence indicating "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Thus, at this point in time, Petitioner is not in the state of "indefinite, perhaps permanent, detention" that the Court in *Zadvydas* said would violate the constitution. *Zadvydas*, 533 U.S. at 699; *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once Petitioner's appeals were concluded).

The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701. Courts applying this principle recognize that even where the Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention. *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is no longer likely).

Here, however, the Court is not yet faced with that situation. Petitioner's four-month detention, while the government pursues removal, is not unreasonable. At this point, it seems to

the Court that Petitioner's removal remains significantly likely in the reasonably foreseeable future.  Accordingly, Petitioner's habeas petition will be denied without prejudice. Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable.

## CONCLUSION

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    June 10, 2026                              /s/ Robert J. Jonker
                                                      Robert J. Jonker
                                                      United States District Judge